EDWARD S. SAVAGE and MARGARET T. SAVAGE

*v.*

JOHN BLANCHARD EDGAR.

[Argued and decided September 27th, 1915.]

1. By an agreement in writing between the defendant and one of the complainants, it was agreed that the said complainant should deliver to the defendant certain shares of stock of a named corporation, and should in addition pay the defendant a certain sum of money in cash and also give his note for a specified sum payable to the defendant thirty days from date, in settlement of all claims and demands whatsoever; which the said complainant accordingly did, and that in consideration thereof

the defendant agreed to discontinue an action at law then pending and pay all costs; afterwards, upon the advice of counsel, the defendant having refused to carry out the agreement on his part—*Held,* that the case was one of accord and satisfaction unexecuted, which may be specifically enforced in equity.

2. After the defendant repudiated his contract and gave notice of the trial of his action at law, the complainants applied to the law court to exercise its equity power to enforce the contract of settlement and to dismiss the suit, which that court declined to do on the ground that because the proofs were conflicting, the issue of fact, whether there was or was not a satisfaction, should not be decided upon the depositions, but should (if it was triable at law) be pleaded in defence and submitted to the jury, together with the other issues in the case.—*Held,* that the privilege given to the complainants to plead the settlement was not in the nature of an adjudication that the issue could, and must be tried at law, and was not intended as a bar to an appeal to chancery.

3. A suitor who comes to a court of equity asking that he may have the benefit of a just defence which a court of law cannot hear, presents a case exclusively the subject-matter of equity cognizance; and he has, therefore, a right to have his adversary enjoined until the validity of his claim to relief has been examined.

4. And resort may be had to equity even after the law court has investigated and overruled the equitable defence.

On motion for preliminary injunction and motion to strike out bill.

*Mr. Clark McK. Whittemore* and *Mr. Robert H. McCarter,* for the complainants.

*Messrs. Carrick & Wortendyke,* for the defendant.

BACKES, V. C.

Upon the argument of the order to show cause why the defendant should not be restrained from prosecuting his action at law until a final determination of this suit, the defendant raised but three questions in opposition—*first,* that the subject-matter has been litigated and determined in the supreme court; *second,* this court will not, under the circumstances, assume jurisdiction of the controversy, and *third,* that the bill of complaint, being met by the defendant's affidavit, no preliminary injunction can go.

The facts disclosed by the affidavits are these: Mr. Edgar had an action pending in the supreme court to recover $50,000 from Mr. Savage and his wife, which they agreed to adjust, and which agreement they reduced to writing, as follows:

"RAHWAY, Oct. 3d, 1914.

"Whereas differences have arisen between J. Blanchard Edgar and Edward S. Savage, and suit is now pending in the supreme court of the State of New Jersey wherein said Edgar claims the sum of fifty thousand dollars and interest. It is the desire and purpose of both parties to settle and adjust all matters of difference and accounts between them. It is agreed that said Savage shall transfer to Edgar 250 shares of the common stock of the Trembly Point Corporation and shall in addition thereto pay in cash two thousand dollars and give his note payable to said Edgar for two thousand dollars thirty days hereafter, in full settlement of all claims and demands whatsoever. The said Edgar in consideration thereof agrees to discontinue said suit at once and pay all costs including his attorney's fees and counsel fees. The receipt of two thousand dollars and the note above mentioned is hereby acknowledged. The stock to be delivered at 10 Wall on Oct. 5th at 12 M. It being understood that said Savage, his heirs and assigns shall have the option to purchase said two hundred and fifty shares of Trembly Point Corporation stock at any time within six months from this day by paying the par value therefor, but no obligation is created by this agreement to repurchase said stock.

"(Signed)     J. BLANCHARD EDGAR."

On the day of adjustment Savage paid to Edgar $2,000 by check; gave him his note for a like amount, payable in thirty days, and the following Monday morning the two met by appointment in Savage's New York office to pass the shares of stock. Accompanied by Edgar, Savage took a certificate of two hundred and fifty shares of the common stock of the Trembly Point Corporation to the company's transfer office, and endorsed in blank, delivered it to the secretary of the company, with directions to transfer it to Edgar, and upon request of Edgar directed it to be transferred to Harriet B. Edgar, his wife. Edgar promised to call for the new certificate the next day, which he failed to do, and set up in justification that his agreement was for $5,000 in cash; that the capital stock was represented to be worth par, for the assurance of which he reserved to himself the right to inspect certain appraisements of the property of the company; that he took the check under a mistaken notion that it was for $3,000;

and that at the time of the intended transfer Savage tendered to him, for signature, an acquittance, which he said he would like to first submit to counsel, who, upon examination, advised against continuing the transaction; that he did not return for the stock, nor did he receive it, nor was it ever tendered to him. He, however, kept the note and used the proceeds of the check. In January, 1915, his attorneys offered to return $2,000 and the note.

The case thus made out is one of accord and satisfaction unexecuted, which may be specifically enforced in equity on the principle laid down in *Headley* v. *Leavitt, 65 N. J. Eq. 748; Same Case, 68 N. J. Eq. 591; Trenton Street Railway Co.* v. *Lawlor, 74 N. J. Eq. 828.* This was not controverted, and it was conceded, upon the argument and in the brief of counsel, that the complainants might properly have sought relief in this court if they had originally filed a bill. It appears that after the defendant repudiated his contract, he gave notice of trial of his action at law, and threatened to proceed with it, when the complainants applied to the supreme court to exercise its equity power to enforce the contract of settlement and to dismiss the suit, which that court declined to do. The point the defendant made is that "having been fully heard and dismissed from that court, the complainants will not be permitted to again litigate the same subject-matter in this court, even though the grounds upon which they seek relief be of an equitable nature," viz., *res judicata.* An examination of the proceedings, and the *per curiam* opinion of the supreme court, disclose that the court did not determine the matter. It is the very thing the court refused to do, and on the ground that because the proofs were conflicting, the issue of fact, whether there was or was not a satisfaction, ought not to be decided upon the depositions, but should (if it was triable at law) be pleaded in defence and submitted to a jury, together with the other issues in the case. The privilege given to the complainants to plead the settlement was not in the nature of an adjudication that the issue could and must be tried at law, and was not intended as a bar to an appeal to chancery. The course directed left the complainants in precisely the same position they were in before they applied to the supreme

court to control the proceedings, except that they had the court's permission to set up the defence if it were available to them at law. The complainants conceived that they could not make out a perfect legal defence, so they came here with their equities— not to again litigate matters decided by the supreme court, or to review its findings, but to obtain relief which this court alone can give. *Holmes* v. *Steele, 28 N. J. Eq. 173; Vaughn* v. *Johnson, 9 N. J. Eq. 173; Reeves* v. *Cooper, 12 N. J. Eq. 223,* upon which the defendant's counsel relied, do not sustain their position. In each of these cases the grounds for relief were all of things purely legal, of which the law court had jurisdiction and had determined. The distinction in remedies is plainly pointed out in the case first cited, where it was held that "a suitor who comes to a court of equity asking that he may have the benefit of a just defence which a court of law cannot hear, * * * presents a case exclusively the subject-matter of equity cognizance; and he has, therefore, a right to have his adversary enjoined until the validity of his claim to relief has been examined; but the doctrine is perfectly well settled that this court will not, on the application of a defendant in a judgment at law who has had a fair opportunity to be heard upon a defence over which the court pronouncing the judgment had full jurisdiction, enjoin the enforcement of the judgment, simply on the ground that it is unjust, even if it is convinced the court passing judgment committed an error in law." And resort may be had to equity even after the law court has investigated and overruled the equitable defence. *Commercial Union Assurance Co.* v. *New Jersey Rubber Co., 64 N. J. Eq. 338; Headley* v. *Leavitt, supra.* Upon the case as presented, the complainants were entitled to a preliminary injunction.

Two weeks after the injunction was granted, the defendant moved to strike out the bill, which was denied. The motion was not discussed, counsel submitting it upon their previous argument; the defendant's counsel stating that they desired a ruling for the purpose of reviewing it with an appeal to be taken from the order granting the injunction. I now observe that one of the grounds in the notice of the motion to strike out is that "the

bill does not allege any ground for equitable relief." If, in the broad sweep of this assignment, it was meant to specify that the technical verbiage of the bill shows a complete accord and satisfaction, cognizable at law, it was not brought to my attention, and the language of the bill was not so understood upon the argument. My interpretation of it, although at the time not seriously considered, and that of counsel in the discussion, was that Savage had delivered the certificate of capital stock for transfer as directed by Edgar, but that it had not been in fact accepted, and for the reasons already stated. In this view, the bill makes out an accord and satisfaction unperformed and enforceable in equity. The allegation that the settlement made "was positive and final, and was accepted by the said J. Blanchard Edgar, together with the property paid and delivered pursuant to the terms of the same as a full compromise settlement," is to be read in connection with later allegations and regarded as an averment that, on their part, the complainants had fully carried out and performed the agreement, but that the defendant had refused.